**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **FRANCISCO GALINDO GONZALEZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-193-KC** |
| | § | |
| **MARY DE ANDA-YBARRA, et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**SHOW CAUSE ORDER & PREVENTING PETITIONER'S REMOVAL FROM THE COUNTRY & DISTRICT**

On this day, the Court considered Francisco Galindo Gonzalez's Petition for a Writ of Habeas Corpus, ECF No. 1. Galindo Gonzalez is detained at Camp East Montana in El Paso, Texas. *Id.* ¶¶ 5, 20, 83. He argues that his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* ¶¶ 101–168; *id.* at 37–38. He also asks that Respondents be prevented from transferring him outside of the Western District of Texas. *Id.* at 37.

Galindo Gonzalez entered the country in 2002 and has been here for approximately twenty-four years. *See id.* ¶¶ 1, 20, 64–65. He was first apprehended by immigration authorities in 2017, placed in removal proceedings, and released on a $7,000.00 bond. *See id.* ¶¶ 3–4, 67, 69–72. On January 20, 2026, Galindo Gonzalez was arrested by immigration authorities in Minnesota, despite his compliance with the terms of his release. *See id.* ¶¶ 4, 74, 136. As alleged, his case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 2691828, at *1–13 (W.D. Tex. Sept. 22, 2025). Of course, Respondents are nevertheless permitted to state their position before a ruling. In doing so, Respondents are

encouraged to avoid boilerplate arguments that this Court has already rejected. Absent new authority, they may assume that the Court's position on the law has not changed and explain whether the facts of Galindo Gonzalez's case warrant a different outcome.

Accordingly, Respondents are **ORDERED** to **SHOW CAUSE** by **no later than February 4, 2026**, why the application for a writ of habeas corpus should not be granted. *See Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 3254930, at *2 & n.1 (W.D. Tex. Aug. 26, 2025). The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED**, under the Court's inherent authority to preserve and assess its own jurisdiction, that Respondents **SHALL NOT** (1) remove or deport Galindo Gonzalez from the United States, or (2) transfer Galindo Gonzalez to any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed. *See Alves v. U.S. Dep't of Just.*, No. 3-25-cv-306-KC, 2025 WL 2629763, at *5 (W.D. Tex. Sept. 12, 2025).

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel. *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**SO ORDERED**.

**SIGNED this 28th day of January, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE