IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| FRANCISCO GALINDO GONZALEZ, | § § § | |
| Petitioner, | § § | |
| v. | § § | CAUSE NO. EP-26-CV-193-KC |
| MARY DE ANDA-YBARRA, et al., | § § § | |
| Respondents. | § § | |

## ORDER

On this day, the Court considered Francisco Galindo Gonzalez's Petition for a Writ of Habeas Corpus, ECF No. 1. Galindo Gonzalez is detained at Camp East Montana in El Paso, Texas. *Id.* ¶¶ 5, 20, 83. He argues that his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* ¶¶ 101–168; *id.* at 37–38.

Galindo Gonzalez entered the country in 2002 and has been here for approximately twenty-four years. *See id.* ¶¶ 1, 20, 64–65. He was first apprehended by immigration authorities in 2017, placed in removal proceedings, and released on a $7,000.00 bond. *See id.* ¶¶ 3–4, 67, 69–72. On January 20, 2026, Galindo Gonzalez was arrested by immigration authorities in Minnesota, despite his compliance with the terms of his release. *See id.* ¶¶ 4, 74, 136. In its Show Cause Order, ECF No. 3, the Court noted that, "[a]s alleged, [Galindo Gonzalez's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 2691828, at *1–13 (W.D. Tex. Sept. 22, 2025)." Show Cause Order 1. The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Galindo Gonzalez's case warrant a different outcome." *Id.* at 2.

Respondents concede "that prior rulings within this District concerning similar challenges to the government policy or practice at issue in this case, and the common question of law between this case and those rulings, would control the result in this case." Resp. 1–2, ECF No. 4. As for Respondents' brief recitation of its arguments to "preserve the legal issues," the Court has already rejected every legal argument raised in the Response. *Compare* Resp. 1–4, *with, e.g.*, *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *1–14 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo*, 2025 WL 2691828, at *1–13.

As Respondents acknowledge that this case is materially indistinguishable from this Court's prior decisions, it follows that the same result is warranted here. Thus, after careful consideration of the entire record,[1] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Galindo Gonzalez's Petition is **GRANTED IN PART** on procedural due process grounds.

The Court **ORDERS** that, <u>on or before February 12, 2026</u>, Respondents shall either: (1) provide Galindo Gonzalez with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk,

---

[1] Respondents concede that Galindo Gonzalez's appeal is pending with the Board of Immigration Appeals, and thus, their contention that his removal proceedings have concluded is without merit. *See* Resp. 1. The relevant facts are thus undisputed, *see generally* Resp., and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

Galindo Gonzalez's continued detention; or (2) release Galindo Gonzalez from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, <u>**on or before February 12, 2026**</u>, Respondents shall **FILE** notice informing the Court whether Galindo Gonzalez has been released from custody.  If Galindo Gonzalez has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

<u>**There will be no extensions of the February 12, 2026, deadlines.**</u>

**SO ORDERED**.

**SIGNED** this 5th day of February, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE